# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

MICHAEL BERRY )
)
)
v. ) No. 16 C 9720
)
RANDY PFISTER )


## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Petitioner Michael Berry's (Berry) *pro se* petition for writ of habeas corpus (Petition) brought pursuant to 28 U.S.C. § 2254. For the reasons stated below, the Petition is denied.


## BACKGROUND

Berry was found guilty by a jury in state court of attempted first-degree murder and the unauthorized use of a weapon by a felon and Berry was sentenced to a total term of sixty years of imprisonment. Berry filed an appeal, and in September 2012 the Illinois Appellate court affirmed his sentence and conviction. Berry filed a petition for leave to appeal (PLA) with the Illinois Supreme Court, and the PLA was denied in January 2013. In October 2013, Berry filed a post-conviction petition, which was dismissed. McLennan appealed the post-conviction petition ruling, and

1

the trial court's dismissal was affirmed in December 2015. The Illinois Supreme Court denied the subsequent PLA in June 2016. On October 13, 2016, Berry filed the instant Petition.

## LEGAL STANDARD

An individual in custody pursuant to state court judgment may seek a writ of habeas corpus pursuant to 28 U.S.C. § 2254, which provides the following:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The decision made by a state court is deemed to be contrary to clearly established federal law "'if the state court applies a rule different from the governing law set forth in [Supreme Court] cases, or if it decides a case differently than [the Supreme Court has] done on a set of materially indistinguishable facts.'" *Emerson v. Shaw*, 575 F.3d 680, 684 (7th Cir. 2009)(quoting *Bell v. Cone*, 535 U.S. 685, 694 (2002)). The decision by a state court is deemed to involve an unreasonable application of clearly established federal law "'if the state court correctly identifies the governing legal principle from [Supreme Court] decisions but unreasonably applies it to the facts of the particular case.'" *Emerson*, 575 F.3d at 684 (quoting *Bell*, 535 U.S. at 694).

**DISCUSSION**

This court has liberally construed Berry's *pro se* filings.  *See Perruquet v. Briley*, 390 F.3d 505, 512 (7th Cir. 2004)(stating that "[a]s [the plaintiff] was without counsel in the district court, his habeas petition [wa]s entitled to a liberal construction"); *Greer v. Board of Educ. of City of Chicago, Ill.*, 267 F.3d 723, 727 (7th Cir. 2001)(indicating that a court should "liberally construe the pleadings of individuals who proceed *pro se*").  Berry asserts in the Petition: (1) that there was insufficient evidence to prove him guilty beyond a reasonable doubt (Claim 1), (2) that his trial counsel was ineffective by failing to object to certain jury instructions and secure a separate verdict form (Claim 2), that his trial counsel was ineffective by failing to object to the prosecutions repeated oral arguments (Claim 3), that his appellate counsel was ineffective because he did not raise alleged errors by his trial counsel relating to the jury learning the name and nature of Berry's prior felony conviction (Claim 4a) and failure to attempt to sever his firearm charges (Claim 4b)

I.  Procedurally Defaulted Claims

Respondent argues that Claims 1, 2, 3, and 4b are procedurally defaulted and that there is no justification to excuse the default.

A.  Procedural Default

Respondent contends that Berry failed to raise Claims 1, 2, 3, or 4b through

one complete round of the state court appellate review process.  A district court

"cannot review a habeas petitioner's constitutional issue unless he has provided the

state courts with an opportunity to resolve it 'by invoking one complete round of the

state's established appellate review process.'"  *Byers v. Basinger*, 610 F.3d 980, 985

(7th Cir. 2010)(quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)).  If a

habeas petitioner failed to "properly assert[] his federal claim at each level of state

court review," the petitioner is deemed to have "procedurally defaulted that claim."

*Malone v. Walls*, 538 F.3d 744, 753 (7th Cir. 2008)(quoting *Lewis v. Sternes*, 390

F.3d 1019, 1025 (7th Cir. 2004)); *see also Johnson v. Hulett*, 574 F.3d 428, 431 (7th

Cir. 2009)(stating that "[t]o obtain federal habeas review, a state prisoner must first

submit his claims through one full round of state-court review," and that "[t]he

penalty for failing to fully and fairly present [] arguments to the state court is

procedural default").  A petitioner, in exhausting his state court remedies, has "'the

duty to fairly present his federal claims to the state courts.'"  *Malone*, 538 F.3d at

753 (stating that fair presentment includes "'the petitioner . . . assert[ing] his federal

claim through one complete round of state-court review, either on direct appeal of his

conviction or in post-conviction proceedings'")(quoting *Lewis*, 390 F.3d at 1025).


1.  Claim 1

As indicated above, Berry asserts in Claim 1 that there was insufficient

evidence to prove him guilty beyond a reasonable doubt.  Berry did not present this

claim in his PLA on direct appeal.  (R Ex. F 3).  Nor did Berry present the claim in

his post-conviction petition or subsequent appeal. (R Ex. H 2-3); (R Ex. I 5). Therefore, Claim 1 is procedurally defaulted. The court also notes that even if Claim 1 was not procedurally defaulted, the claim lacks any merit. The record reflects that the State presented ample evidence upon which Berry could be found guilty beyond a reasonable doubt.

### 2. Claim 2

As indicated above, Berry asserts in Claim 2 that his trial counsel was ineffective by failing to object to certain jury instructions and secure a separate verdict form. Berry did not present this claim in his direct appeal or in his PLA on direct appeal. (R Ex. C 7); (R Ex. F 3). Berry asserted errors in regard to jury instructions, but failed to assert ineffective assistance of counsel in regard to failing to object to such alleged errors. (R Ex. C 7); (R Ex. F 3). Nor did Berry present Claim 2 in his post-conviction petition or subsequent appeal. (R Ex. H 2-3); (R Ex. I 5). The court notes that even if Berry had raised Claim 2 through a complete round of the state review process, the state court rejected the claim on an independent and adequate state ground. *Lee v. Foster*, 750 F.3d 687, 693 (7th Cir. 2014)(stating that on federal habeas review, a court "will not entertain questions of federal law in a habeas petition when the state procedural ground relied upon in the state court 'is independent of the federal question and adequate to support the judgment'")(quoting *Coleman v. Thompson*, 501 U.S. 722, 729 (1991)); (R Ex. A 19-26). Therefore, Claim 2 is procedurally defaulted. The court also notes that even if Claim 2 was not

procedurally defaulted, the claim lacks any merit.  *See Wyatt v. United States*, 574

F.3d 455, 457-58 (7th Cir. 2009)(citing *Strickland v. Washington*, 466 U.S. 668,

687-88 (1984))(explaining elements for an ineffective assistance of counsel claim

and stating that a "movant must overcome the strong presumption that counsel's

conduct falls within the wide range of reasonable professional assistance").


### 3.  Claim 3

As indicated above, Berry asserts in Claim 3 that his trial counsel was

ineffective by failing to object to the prosecutions repeated oral arguments.  Berry

did not present this claim in his PLA on direct appeal. (R Ex. F 3).  Nor did Berry

present Claim 3 in his post-conviction petition or subsequent appeal.  (R Ex. H 2-3);

(R Ex. I 5).  Therefore, Claim 3 is procedurally defaulted.  The court also notes that

even if Claim 3 was not procedurally defaulted, the claim lacks any merit.


### 4.  Claim 4b

As indicated above, Berry asserts in Claim 4b that his appellate counsel was

ineffective due to failing to raise alleged errors by his trial counsel relating to the

severance of his firearm charges.  Berry did not present this claim in his direct appeal

or in his PLA on direct appeal.  (R Ex. C 7); (R Ex. F 3).  Nor did Berry present

Claim 4b in his post-conviction petition.  (R Ex. H 2-3).  Therefore, Claim 4b is

procedurally defaulted.  The court also notes that even if Claim 4b was not

procedurally defaulted, the claim lacks any merit.

## B.  Justification to Excuse Default

Respondent also argues that there are no facts in this case that provide a justification to excuse the default of Claims 1, 2, 3, and 4b.  A procedurally defaulted claim can still be considered by a district court "if a petitioner can show cause and prejudice or a fundamental miscarriage of justice."  *Coleman v. Hardy*, 628 F.3d 314, 318 (7th Cir. 2010); *see also Kaczmarek v. Rednour*, 627 F.3d 586, 591 (7th Cir. 2010)(stating that "[a] federal court on collateral review will not entertain a procedurally defaulted constitutional claim unless the petitioner can establish cause and prejudice for the default or that the failure to consider the claim would result in a fundamental miscarriage of justice"); *Holmes v. Hardy*, 608 F.3d 963, 968 (7th Cir. 2010)(stating that a "way to avoid procedural default is to show actual innocence, that is, to show that in light of new evidence, it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt")(internal quotations omitted)(quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)); *Promotor v. Pollard*, 628 F.3d 878, 887 (7th Cir. 2010)(stating that "default could be excused if [the petitioner] can establish cause and prejudice, or establish that the failure to consider the defaulted claim will result in a fundamental miscarriage of justice").  In the instant action, Berry has not provided facts showing that he was prevented from properly presenting Claims 1, 2, 3, or 4b in the state system in order to avoid the procedural default.  Berry has not shown cause and prejudice.  Nor has Berry shown actual innocence or a fundamental miscarriage of justice that would excuse the procedural default.

## II. Claim 4a

Respondent argues that Claim 4a lacks any merit. As indicated above, Berry asserts in Claim 4a that his appellate counsel was ineffective due to failing to raise alleged errors by his trial counsel relating to the jury learning the name and nature of Berry's prior felony conviction. To show ineffective assistance of counsel, a petitioner must establish that: "(1) his attorney's performance fell below an objective standard of reasonableness, and (2) he suffered prejudice as a result." *Wyatt*, 574 F.3d at 457-58 (citing *Strickland*, 466 U.S. at 687-88. On the post-conviction appeal, the Illinois Appellate Court correctly found that the decision by trial counsel to stipulate to the name and nature of Berry's prior felony conviction was a strategic decision. (R Ex. B 4-6). The Illinois Appellate Court properly noted that the introduction of the name and nature of Berry's prior offense supported his alibi argument and prevented the jury from speculating that his prior offense was a violent offense. (R. Ex. B 4-6). Berry has not shown that his trial counsel was ineffective in this regard or that his appellate counsel was ineffective for failing to argue such an error by his trial counsel. *See McElvaney v. Pollard*, 735 F.3d 528, 532 (7th Cir. 2013)(stating that "[i]n evaluating an attorney's performance, courts must defer to any strategic decision the lawyer made that falls within the wide range of reasonable professional assistance, even if that strategy was ultimately unsuccessful")(internal quotations omitted)(quoting *Strickland v. Washington*, 466 U.S. 668, 689 (1984)). Claim 4a thus lacks any merit. Based on the above, the Petition is denied.

III.  Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, the court must issue or deny a certificate of appealability "when it enters a final order adverse to the applicant."  *Id.*  A district court should only issue a certificate of appealability "if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The petitioner must also show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)(quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).  In the instant action, Berry has not made a substantial showing of the denial of a constitutional right as to any claims presented in his Petition.  Nor has Berry shown that reasonable jurists could debate whether the Petition should have been resolved in a different manner or that the issues presented in the Petition deserve encouragement to proceed further. Therefore, should Berry decide to appeal this court's ruling, this court finds that a certificate of appealability would not be warranted, and is denied.

## CONCLUSION

Based on the foregoing analysis, the Petition is denied.


Samuel Der-Yeghiayan
United States District Court Judge

Dated:  April 27, 2017